IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-03241

TRANSLOGIC CORPORATION, d/b/a SWISSLOG HEALTHCARE,

    Plaintiff,

v.

MARSH USA, INC.,

    Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

COMES NOW Plaintiff Translogic Corporation, d/b/a Swisslog Healthcare, by and through its counsel Bradley A. Levin and Kerri J. Rugh of the law firm LEVIN SITCOFF PC, and submits the following Complaint and Jury Demand against Defendant Marsh USA, Inc., stating and alleging as follows:

**JURISDICTION**

1. Plaintiff Translogic Corporation is a corporation created and existing under the laws of the State of Colorado with its principal place of business in Colorado. Translogic Corporation does business in Colorado as Swisslog Healthcare ("Swisslog").

2. Defendant Marsh USA, Inc. ("Marsh") is incorporated under the laws of the State of Alaska, with its principal place of business in New Jersey. Marsh does business through its offices in various states, including 1225 17th Street in Denver, Colorado.

3. This matter involves damages in excess of a value of $75,000, exclusive of interest and costs.

4. Accordingly, Marsh is subject to jurisdiction in this Court pursuant to 28 U.S.C. § 1332.

5. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391 because Plaintiff is a resident of this State, Marsh does business in this State, and the conduct at issue was carried out by employees or representatives of Marsh located in its Denver, Colorado offices.

## GENERAL ALLEGATIONS

6. Swisslog is in the business of, among other things, producing pharmacy automation systems. One of Swisslog's products is the InSite ® in-facility medication packaging and dispensing machine. InSite ® machines store, sort, package, and dispense medications for medical staff at long-term care facilities and correctional facilities.

7. The InSite ® was originally developed and sold by Talyst, Inc. Columbia Pacific Advisors acquired Talyst, Inc. in 2015 through a new entity called Talyst Systems, LLC. Swisslog, in turn, acquired Talyst Systems, LLC in or about August 2017. Talyst Systems, LLC was merged into Swisslog as of, approximately, November 1, 2017.

8. Wellfount Corporation ("Wellfount"), now defunct, was once considered a pioneer in the automated medication management industry. Through various contractual agreements, Wellfount began purchasing InSite ® machines from Talyst, Inc. in 2009. Talyst, Inc. successfully supplied these machines – dubbed "TED's" – to Wellfount for purchase or lease over the next several years. Wellfount distributed the TED's for use at locations within its network of long-term residential care facilities.

9. After Talyst, Inc. was acquired, Wellfount entered into additional purchase order transactions for the TED's with Talyst Systems, LLC. Thirteen such "Order Schedules" were processed between December 2016 and June 2, 2017.

10. Wellfount filed a lawsuit against Talyst, Inc., Talyst Systems, LLC and Swisslog in November 2018 (the "Wellfount Litigation") after a number of end-users experienced problems with the TED's that Wellfount claimed were not timely addressed and allegedly were due to firmware updating that the Korean manufacturer of the machines failed to complete. According to the Amended Complaint for Declaratory Relief and Damages, Wellfount sustained losses of $17 million as a result of a large number of TED failure events between July 2017 and September 2018. Wellfount further alleged that those losses were increasing, and its damages expert now opines that damages may exceed $110 million.

11. The defendants in the Wellfount Litigation were insured under a number of different types of policies issued by various carriers during the time frames in question. One such policy was Policy No. EMR 12392 5 (the "Hudson Policy"), issued by Hudson Specialty Insurance Company ("Hudson") to named insureds Translogic Corporation, Translogic Corporation d/b/a/ Swisslog Healthcare Solutions, and Swisslog USA. The Hudson Policy provided protection on a claims-made basis against claims arising out of "glitches" in Swisslog's manufacturing services that occurred between July 2, 2009 and January 1, 2019 and which were first reported to Hudson between February 1, 2018 and January 1, 2019. The Policy had a $5 million limit per "glitch" and was the latest in a series of similar claims-made policies issued to, among various parties, Translogic Corporation beginning in 2014.

12. Swisslog alerted Hudson upon receipt of correspondence in September 2018 that Wellfount was holding Swisslog responsible for the massive losses arising out of the TED's, and then formally tendered the defense of the Wellfount Litigation after it was filed in November 2018.

13. On October 29, 2018, Hudson sent a reservation of rights letter to Swisslog raising a number of issues concerning Swisslog's August 2017 acquisition of Talyst Systems, LLC, and indicating that the failure of Swisslog to timely notify Marsh of the acquisition presented serious coverage issues concerning Wellfount's claims related to the allegedly faulty machines.

14. On December 10, 2018, in response to the tender of the Wellfount Litigation, Hudson reiterated its position regarding coverage for the claims. Importantly, the allegedly faulty machines were provided to Wellfount by Talyst Systems, LLC pursuant to one or more of the Order Schedules that were entered into before Talyst Systems, LLC's acquisition by Swisslog. According to Hudson, to the extent there was a lack of timely notification of the acquisition, Talyst Systems, LLC did not meet the Policy definition of "subsidiary" and thus did not qualify as an insured to whom coverage was extended under the Hudson Policy. Further, Hudson maintained that coverage would be excluded for glitches related to Talyst Systems, LLC and which occurred before the acquisition.

15. In addition to these defenses to coverage for the Wellfount Litigation, because of Swisslog's failure to apprise Hudson of material information in conjunction with renewal of the Hudson Policy, Hudson signaled that it was considering rescission of the contract.

16. The parties to the Wellfount Litigation have made ongoing efforts to settle the case. However, due in large part to the unavailability of proceeds under the Hudson Policy, which contained liability limits of $5 million, to date there has been no settlement.

17. Thus, the failure to give Hudson timely notice of the Talyst Systems, LLC acquisition has thwarted Swisslog's ability to resolve the Wellfount Litigation with insurance proceeds. Swisslog has sustained mounting losses as a result of this failure because of the ongoing time and effort that employees and representatives must devote to litigation efforts. Moreover, Swisslog faces the risk of liability to Wellfount in an amount that greatly exceeds its insurance coverage.

18. The failure to provide the required notice to Hudson is squarely Marsh's responsibility.

19. Marsh bills itself on its website as a "global leader in insurance broking and risk management." Accordingly, Swisslog retained the services of Marsh in January 2017 in connection with its insurance program. Senior Vice President Richard W. Kimball assumed responsibility for the Swisslog account a short time later.

20. Swisslog maintained regular dialogue with Marsh and its staff in the course of its normal business practices over the next several months. As part of that communication, Swisslog apprised Marsh of the acquisition of Talyst Systems, LLC for the purpose of ensuring that any necessary changes to the various insurance policies could be made. Mr. Kimball acknowledged the acquisition and assured Swisslog that the information would be communicated to the relevant parties and / or that such communications had been made.

21. Marsh, however, did not notify Hudson of the Talyst Systems, LLC acquisition as reflected in the October 29, 2018 correspondence. Marsh initially insisted that it had provided the requisite notice, but has been unable to produce any evidence in support of its claim.

## **FIRST CLAIM FOR RELIEF**
### (Negligence)

22. Swisslog realleges each and every allegation of its Complaint and Jury Demand as if fully set forth herein.

23. Marsh, as Swisslog's insurance broker and risk manager, owed Swisslog a duty of reasonable care with respect to the handling of communications with Swisslog and its carriers and, in particular, communications which were necessary to protect the interests of Swisslog insofar as insurance and risk management were concerned.

24. Marsh holds itself out as having much higher standards of competency and skill than the average insurance agent. Swisslog paid Marsh $75,000 per year for its insurance brokerage and risk management services.

25. Moreover, Marsh expressly assumed the duty to provide notice to Swisslog's carriers of Swisslog's acquisition of Talyst Systems, LLC in a timely manner.

26. Accordingly, Marsh owed Swisslog a duty to notify Hudson in a timely manner that Swisslog had acquired Talyst Systems, LLC in August 2017.

27. Marsh breached that duty by failing to provide notice to Hudson and failing to advise Swisslog of the true facts concerning the status of coverage for Talyst Systems, LLC under the Hudson Policy.

28. As a result of that failure, Marsh has suffered and will continue to suffer damages in amounts to be proved at trial.

## SECOND CLAIM FOR RELIEF
**(Negligent Misrepresentation)**

29. Swisslog realleges each and every allegation of its Complaint and Jury Demand as if fully set forth herein.

30. Marsh knew or should have known that the Hudson Policy would not provide any liability coverage for the acts of Talyst Systems, LLC unless and until notice of the acquisition was provided to Hudson.

31. Marsh, as a global leader in insurance broking and risk management, also knew or should have known that its client Swisslog would rely on statements that the requisite notice of the acquisition had been given to the necessary insurers, including Hudson.

32. If Swisslog had known that Marsh did not, in fact, provide the requisite notice, then it would have advised Hudson itself.

33. Swisslog relied on the representations of Marsh that notice had been given to Hudson.

34. Because Swisslog relied on that false information, Swisslog has suffered and will continue to suffer damages in amounts to be proved at trial.

## THIRD CLAIM FOR RELIEF
**(Negligent Failure to Procure)**

35. Swisslog realleges each and every allegation of its Complaint and Jury Demand as if fully set forth herein.

36. Marsh agreed to take such action as was necessary to ensure that Talyst Systems, LLC was insured under the Hudson Policy. Thus, Marsh accepted a duty to Swisslog to obtain

insurance protection against claims for liability incurred by Talyst Systems, LLC prior to the point in time that it was acquired by Swisslog.

37. Marsh breached that duty by failing to procure a policy affording such protection, and by failing to advise Swisslog that such coverage had not been obtained for Talyst Systems, LLC.

38. Marsh lulled Swisslog into believing that such coverage had been secured through its representations and past dealings between the parties.

39. As a result of Marsh's breach of its duty, Swisslog has suffered and will continue to suffer damages in amounts to be proved at trial.

**WHEREFORE**, Plaintiff Translogic Corporation, d/b/a Swisslog Healthcare respectfully requests that judgment be entered in its favor and against Defendant Marsh USA, Inc., as follows:

a. For compensatory damages in amounts to be proved at trial;

b. For all interest, statutory or moratory, allowed by law;

c. For reasonable attorneys' fees and costs of suit herein;

d. For such other and further relief as this Court deems just and proper.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Dated this 29th day of October 2020.

Respectfully submitted,

**LEVIN SITCOFF PC**

s/Bradley A. Levin
Bradley A. Levin
Kerri J. Rugh
1512 Larimer Street, Suite 650
Denver, Colorado 80202
Telephone: (303) 575-9390
Fax: (303) 575-9385
bal@levinsitcoff.com
kjr@levinsitcoff.com
*Attorneys for Plaintiff*

Plaintiff's Address:
11080 Circle Point Road, Suite 500
Westminster, CO  80020